# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITH E. BROWN EL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-935-JMB |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Keith E. Brown El, a prisoner, and a document titled "Plaintiff's Inability to Provide IFP Required Info." For the reasons explained below, the Court will allow plaintiff to proceed in forma pauperis in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss this action, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the case at bar, plaintiff submitted a document titled "Plaintiff's Inability to Provide IFP Required Info." Therein, plaintiff states he tried to obtain a copy of his inmate account information, but corrections officials refused to provide it. He also states that corrections officials refused to notarize his affidavit. The Court will liberally construe this document as plaintiff's request for leave to proceed in forma pauperis, and will grant that request. Additionally, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's institution account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

2

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections, "Farmington Treatment Program," and the Missouri Board of Probation and Parole. At present, plaintiff is incarcerated in the St. Louis City Medium Security Institution. However, the events giving rise to the complaint occurred when he was incarcerated in the Missouri Department of Corrections.

The complaint is unnecessarily long and repetitive. Condensed and summarized, plaintiff's allegations are as follows. In 2005, a judge in the 21st Judicial Circuit Court of Missouri sentenced plaintiff to a 12-year prison term, but suspended the execution of that term and ordered plaintiff to complete a Missouri Department of Corrections drug treatment program. Also in 2005, the

defendants[1] wrongfully terminated plaintiff from the drug treatment program, which resulted in the mandatory execution of the 12-year sentence. Plaintiff completed that 12-year sentence in March of 2017.

Plaintiff states he does not challenge the 12-year sentence, "but rather the execution of same pursuant to defendants improper and illegal 'termination' of him from their drug 'treatment' program." He explains he was terminated for "lack of therapeutic gain" after he was issued three conduct violations: one for interfering with count by over-sleeping, one for smoking in an unauthorized area, and one for interfering with count by blocking a guard's view. Plaintiff offers numerous reasons why he should not have received the conduct violations. He states he overslept because he was taking prescription medication, his actions were unintentional, he should have been given a re-hearing, other offenders in his treatment program class engaged in more serious conduct and were not terminated, a certain treatment counselor orchestrated his termination, and the defendants violated his due process rights, Mo. Rev. Stat. § 217.362, and their own policies and guidelines. Plaintiff states that his due process and equal protection rights were violated by the various defendants and treatment program personnel, and by one particular counselor. He seeks only monetary relief.

**Discussion**

Section 1983 claims are analogous to personal injury claims, and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (finding § 1983 claims subject to Missouri's five-year statute of limitations for personal injury claims); *see also* Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28

---

[1] Throughout the complaint, plaintiff refers to the defendants using the Delta symbol followed by the letter "s." In quoting and summarizing plaintiff's complaint, the Court will use the word "defendants."

4

U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam).

In the case at bar, plaintiff alleges the defendants violated his due process and equal protection rights when they issued conduct violations and terminated him from a drug treatment program in 2005. However, plaintiff did not file this § 1983 action until April of 2019, approximately fourteen years later. There are no allegations in the complaint permitting the conclusion that plaintiff only more recently became aware of the injury forming the basis of this action. Therefore, the Court will dismiss plaintiff's complaint as frivolous based on the expiration of the statute of limitations. *See Myers*, 960 F.2d at 751; 28 U.S.C. § 1915(e)(2)(B).[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this action.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

---

[2] Even if plaintiff's complaint could be deemed timely, it would be subject to dismissal. The Eleventh Amendment bars plaintiff's claims against the Missouri Department of Corrections and the Missouri Board of Probation and Parole. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. App'x 333 (8th Cir. 2009). Additionally, to the extent "Farmington Treatment Program" is or is part of an administrative department of a Missouri prison, it is not a legal entity capable of being sued.

Dated this 7th day of June, 2019.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE